McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2723

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $180,534.29 IN U.S. CURRENCY SEIZED FROM SAFE CREDIT UNION ACCOUNT NUMBER 342139-00, AND,<br><br>APPROXIMATELY $10,000.00 IN U.S. CURRENCY SEIZED FROM SAFE CREDIT UNION ACCOUNT NUMBER 342139-20,<br><br>　　　　Defendants. | 2:08-cv-02148 LKK-DAD<br><br>**JOINT STATUS REPORT AND STIPULATION FOR STAY AND ORDER**<br><br>DATE: January 5, 2009<br>TIME: 1:30 p.m.<br>COURTROOM: 4 |

　　Plaintiff United States of America and claimants Frank W. Blue, Jr. And Margaret Chavez-Blue (hereafter "claimants") submit the following Joint Status (Pretrial Scheduling) Report pursuant to the Court's September 12, 2008, order.

　　(a) **Parties**: The U.S. Attorney's Office, through the undersigned counsel, represents the plaintiff United States of America. Christopher Haydn-Mayer and Robert Peters represent claimants.

1

    (b)  **Summary of Facts and Legal Theories**:

The United States alleges the defendant property is the proceeds of Miguel Vasquez' trafficking in methamphetamine and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) (proceeds of drug trafficking).  Miguel Vasquez is currently a defendant in <u>U.S. v. Miguel Edwardo Vasquez, Jr., et al</u>., 2:08-cr-00212 LKK.  The United States also alleges that the property is forfeitable pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) because the funds were involved in financial transactions designed to conceal or disguise the nature, location, source, or ownership of the funds.  Miguel Vasquez is claimant Margaret Chavez-Blue's son, and is claimant Frank W. Blue Jr.'s step-son.  Claimants deny these allegations.

    (c)  **Service of Process**:

All known potential claimants have been served with the Complaint for Forfeiture <u>In Rem</u>, Notice of Complaint, Application and Order for Publication, and Court Notices.  Accordingly, service is complete.  Margaret Chavez-Blue and Frank W. Blue Jr. filed a claim to the property and an Answer to the Complaint for Forfeiture <u>In Rem</u>.

In addition, notice of the forfeiture was published for 30 consecutive days on the official government internet site ([www.forfeiture.gov](www.forfeiture.gov)) commencing on September 28, 2008, in accordance with the court's September 26, 2008, Order for Publication.  Proof of Publication has been filed with the Court.

    (d)  **Possible Joinder of Additional Parties**:

None.

2

1     (e)   **Any Expected or Desired Amendment of Pleadings**:

2     None.

3     (f)   **Jurisdiction and Venue**:

4     The Court has jurisdiction in this matter pursuant to 28
5 U.S.C. §§ 1345, 1355, and 21 U.S.C. § 881.  Venue is proper in this
6 district pursuant to 28 U.S.C. §§ 1355(b), 1395(b) and 21 U.S.C. §
7 881(j).

8     (g)   **Anticipated Motions with Suggested Law and Motion Dates**:

9

10     The government requests that this case not be scheduled at
11 this time because it is requesting a stay of further proceedings
12 as explained in the following paragraph.

13     (h)   **Anticipated Discovery And The Scheduling Thereof**:

14     Pursuant to 18 U.S.C. §§ 981(g)(1) and (g)(2) and 21 U.S.C.
15 § 881(i) the parties suggest that a stay of further proceedings in
16 this case is necessary.  The United States contends that the
17 defendant property is the proceeds of Miguel Vasquez's
18 methamphetamine trafficking and is therefore forfeitable to the
19 United States.  The United States intends to depose Miguel Vasquez
20 about his involvement in drug trafficking and the source of the
21 currency that was seized.  If discovery proceeds, Vasquez would be
22 placed in the difficult position of either invoking his Fifth
23 Amendment right against self-incrimination and losing the ability
24 to provide evidence that is relevant to the claims filed by his
25 mother and step-father, or waiving that right, testifying at a
26 deposition, and potentially incriminating himself in his own
27 criminal case.

28

1    In addition, plaintiff intends to depose claimants on many
2 issues, including but not limited to their knowledge of Miguel
3 Vasquez' long criminal history, his history of drug trafficking,
4 and the source of these funds.  Accordingly, plaintiff believes
5 that claimants face a similar problem of either invoking their
6 Fifth Amendment rights but losing the ability to provide testimony
7 to protect their alleged interest in the defendant property, or
8 waiving their Fifth Amendment rights and submitting to depositions
9 and potentially incriminating themselves as well.

10    If claimants or Vasquez invoke their Fifth Amendment rights,
11 the United States will be deprived of the ability to explore the
12 factual basis for the claim filed in this action and the defenses
13 raised in the Answer.

14    In addition, claimants will attempt to depose law enforcement
15 officers who were involved in the Miguel Vasquez drug trafficking
16 investigation that resulted in the seizure of the defendant
17 property.  Allowing depositions of these officers would adversely
18 affect the ability of the United States to conduct its related
19 criminal prosecution of Miguel Vasquez.

20     Accordingly, the parties agree that proceeding with this
21 action at this time has potential adverse affects on the
22 prosecution of the related criminal case and/or upon claimants'
23 ability to prove their claim to the property and to contest the
24 government's allegations that the property is forfeitable.  For
25 these reasons, the parties request that this matter be stayed for a
26 until May 22, 2009, the same date applicable to the other related
27 cases that have already been stayed.  At that time the parties will

28

4

advise the Court whether a further stay is necessary.

(i) **Further Proceedings, Suggested Case Schedule**:

The parties request that the case not be scheduled at this time.

(j) **Special Proceedings**:

None.

(k) **Demand For Jury Trial**:

Claimants made a timely demand for a jury trial.

(l) **Estimate of Trial Time**:

Approximately 2 weeks.

(m) **Modification of Standard Pretrial Procedures**:

None.

(n) **Related Matters**:

This case is related to U.S. v. Miguel Vasquez, et al., 2:08-cr-2173 LKK-DAD and seven other civil forfeiture cases. A Notice of Related Cases listing all related cases was filed on November 10, 2008.

(o) **Settlement Judge**:

The parties request that another judge be assigned as the settlement judge.

(p) **Use of the Voluntary Dispute Resolution Program:**

Plaintiff does not believe VDRP is appropriate in this case.

//
//

5

  (q) **Other matters**:

 None known at this time.

```
DATED: December 18, 2008          McGREGOR W. SCOTT
                                  United States Attorney


                            By:   /s/ Kristin S. Door
                                  KRISTIN S. DOOR
                                  Assistant U.S. Attorney


DATED: December 18, 2008          /s/ Christopher Haydn-Myer
                                  CHRISTOPHER HAYDN-MYER
                                  Attorney for claimants
                                  Frank V. Blue and
                                  Margaret Chavez Blue


DATED: December 18, 2008          /s/ Robert Peters
                                  ROBERT PETERS
                                  Attorney for claimants
                                  Frank V. Blue and
                                  Margaret Chavez Blue
                                  (Original signatures retained
                                  by AUSA Kristin S. Door)
```

**ORDER**

 For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) for five months. On or before May 22, 2009, the parties will advise the Court whether a further stay is necessary.

 The scheduling conference scheduled for January 5, 2009, is vacated.

IT IS SO ORDERED.

Dated: December 18, 2008

```
                                  LAWRENCE K. KARLTON
                                  SENIOR JUDGE
                                  UNITED STATES DISTRICT COURT
```