```
 1  LAWRENCE G. BROWN
    Acting United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone:  (916) 554-2723

 5  Attorney for Plaintiff

 6

 7

 8              IN THE UNITED STATES DISTRICT COURT

 9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        )   2:08-cv-02148 LKK-DAD
                                     )
12          Plaintiff,               )
                                     )   **STIPULATION TO EXTEND**
13      v.                           )   **STAY OF FURTHER PROCEEDINGS**
                                     )   **AND ORDER**
14  APPROXIMATELY $180,534.29 IN U.S.)
    CURRENCY SEIZED FROM SAFE CREDIT )
15  UNION ACCOUNT NUMBER 342139-00,  )
    AND,                             )
16                                   )   DATE: N/A
    APPROXIMATELY $10,000.00 IN U.S. )   TIME: N/A
17  CURRENCY SEIZED FROM SAFE CREDIT )   COURTROOM: N/A
    UNION ACCOUNT NUMBER 342139-20,  )
18                                   )
            Defendants.              )
19  _____)
```

20      Plaintiff United States of America and claimants Frank W.
21  Blue, Jr. and Margaret Chavez-Blue (hereafter "claimants") submit
22  the following stipulation to extend the stay of further proceedings
23  in this case.  This action was previously stayed on December 19,
24  2008, until May 22, 2009, pursuant to 18 U.S.C. §§ 981(g)(1) and
25  (g)(2) and 21 U.S.C. § 881(i).
26      The parties request that the stay be extended.  The United
27  States contends that the defendant property is the proceeds of
28                                  1

Miguel Vasquez's methamphetamine trafficking and is therefore forfeitable to the United States. Miguel Vasquez, the son of claimant Margaret Chavez-Blue, and step-son of claimant Frank W. Blue, Jr., is the lead defendant in United States v. Miguel Vasquez, et al., 2:08-cr-00212 LKK.

The United States intends to depose Miguel Vasquez about his involvement in drug trafficking and the source of the currency that was seized. If discovery proceeds, Vasquez would be placed in the difficult position of either invoking his Fifth Amendment right against self-incrimination and losing the ability to provide evidence that is relevant to the claims filed by his mother and step-father, or waiving that right, testifying at a deposition, and potentially incriminating himself in his own criminal case.

In addition, plaintiff intends to depose claimants on many issues, including but not limited to their knowledge of Miguel Vasquez' long criminal history, his history of drug trafficking, and the source of these funds. Accordingly, plaintiff believes that claimants face a similar problem of either invoking their Fifth Amendment rights but losing the ability to provide testimony to protect their alleged interest in the defendant property, or waiving their Fifth Amendment rights and submitting to depositions and potentially incriminating themselves as well.

If claimants or Vasquez invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claim filed in this action and the defenses raised in the Answer.

In addition, claimants will attempt to depose law enforcement

officers who were involved in the Miguel Vasquez drug trafficking investigation that resulted in the seizure of the defendant property. Allowing depositions of these officers would adversely affect the ability of the United States to conduct its related criminal prosecution of Miguel Vasquez.

Accordingly, the parties agree that proceeding with this action at this time has potential adverse affects on the prosecution of the related criminal case and/or upon claimants' ability to prove their claim to the property and to contest the government's allegations that the property is forfeitable. For these reasons, the parties request that this matter be stayed for an addition six months, until November 23, 2009. At that time the parties will advise the Court whether a further stay is necessary.

DATED: May 22, 2009  
LAWRENCE G. BROWN  
Acting United States Attorney

By: /s/ Kristin S. Door  
KRISTIN S. DOOR  
Assistant U.S. Attorney

DATED: May 22, 2009

/s/ Christopher Haydn-Myer  
CHRISTOPHER HAYDN-MYER  
Attorney for claimants  
Frank V. Blue and  
Margaret Chavez Blue

DATED: May 22, 2009  
/s/ Robert Peters  
ROBERT PETERS  
Attorney for claimants  
Frank V. Blue and  
Margaret Chavez Blue

(AUSA Door authorized to sign on claimants' behalf by attorney Haydn-Myer)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) until November 23, 2009. On or before November 23, 2009, the parties will advise the Court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: May 26, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT